UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:24-cv-00203

DAVID GORDON OPPENHEIMER,

    Plaintiff,

v.

ATKINSREALIS USA INC. f/k/a ATKINS NORTH AMERICA, INC.,

    Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff DAVID GORDON OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendant ATKINSREALIS USA INC. f/k/a ATKINS NORTH AMERICA, INC., for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Oppenheimer's original copyrighted Work of authorship.

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his work in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States.  His works

have been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and on display at the Museum of the city of New York.

3. Defendant ATKINSREALIS USA INC. f/k/a ATKINS NORTH AMERICA, INC. ("Atkins") is a Canadian-British multinational engineering, design, planning, architectural design, project management and consulting services company. It has offices in Canada, Britain and in multiple states within the United States, including but not limited to Georgia, California, New York, and Florida.

4. Oppenheimer alleges that Atkins copied his copyrighted Work from the internet in order to advertise, market and promote Atkins' business activities.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Florida.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. Defendant AtkinsRealis USA Inc. f/k/a Atkins North America, Inc., is registered as a Florida corporation, with its Principal Address at 4030 West Boy Scout Boulevard, Suite 700, Tampa, Florida, 33607. Atkins can be served through its Registered Agent, C. Ernest Edgar, IV at 4030 West Boy Scout Boulevard, Suite 700, Tampa, Florida 33607 or whenever he may be found.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2013, Oppenheimer created the aerial photograph entitled "SC-August-2013-2_OPP5846", which is shown below and referred to herein as the "Work":



11. Oppenheimer registered the Work with the Register of Copyrights on August 31, 2013, and was assigned the registration number VAu 1-142-190. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. Oppenheimer's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

13. At all relevant times Oppenheimer was the owner of the copyrighted Work.

## INFRINGEMENT BY DEFENDANT

14. Atkins has never been licensed to use the Work at issue in this action for any purpose.

15. On a date after Oppenheimer registered the copyright of the Work with the United States Copyright Office, Atkins accessed the Work, and reproduced a copy of the Work as part of a presentation which was displayed publicly at least at the third-party website https://coastalgeotools.org/wp-content/uploads/Hunu_21stCentury.pdf. The Work was used in the presentation, named "Preparing Your Stormwater System for the 21st Century Coastal Total Water Levels" as shown in part here:



16. On or about July 4, 2020 Oppenheimer discovered the unauthorized use of his Work on the third-party website, used in Atkins' presentation.

17. Atkins copied, reproduced, and displayed Oppenheimer's Work without Oppenheimer's permission.

18. After Atkins copied the Work, it made further copies and distributed the Work on the internet.

19. Atkins committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

20. Oppenheimer notified Atkins of the allegations set forth herein on May 18, 2023.

21. Oppenheimer and Atkins entered into a six (6) month Tolling Agreement on June 29, 2023, and again into a (1) one month Tolling Agreement on December 22, 2023.

22. To date, Oppenheimer and Atkins have failed to resolve the case.

## COUNT I
## COPYRIGHT INFRINGEMENT

23. Oppenheimer incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Oppenheimer owns a valid copyright in the Work.

25. Oppenheimer registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

26. Atkins copied, displayed, and distributed the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

27. Atkins performed the acts alleged in the course and scope of its business activities.

28. Atkins' acts were willful.

29. Oppenheimer has been damaged.

30. The harm caused to Oppenheimer has been irreparable.

WHEREFORE, Plaintiff David Gordon Oppenheimer prays for judgment against Defendant AtkinsRealis USA Inc. f/k/a Atkins North America, Inc., that:

    a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff his actual damages and Atkins' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 22, 2024                Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 - Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*